

Apr. 7, 2026

Lyle W. Cayce, Clerk of Court
United States Court of Appeals of the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130-3408
**Via CM/ECF**

Re:    *USA v. State of Texas*, Case No. 25-10898 (5th Cir.)

Dear Mr. Cayce,

   The LUPE Intervenors respectfully write pursuant to Federal Rule of Appellate Procedure 28(j) to notify the Court of *United States of America v. Walz,* 2026 WL 851231 (D. Minn. Mar. 27, 2026), which upheld an in-state tuition statute similar to the one invalidated by the district court here. As particularly relevant to this case, *Walz* rejected the argument—also pressed by Texas and the United States here—that under 8 U.S.C. § 1623(a), "'a' means 'all,' requiring all nonresident citizens to be eligible for Resident Tuition should a noncitizen be." *Id.* at *10. Rather, *Walz* explained, "a" citizen means "one" or "any" citizen, such that Section 1623(a) is satisfied so long as at least one citizen is eligible for in-state tuition without regard to residency. *Id.* at *10-11. *See also* LUPE Br. 45-47 (making this same point); LUPE Reply 20-23 (same). This Court should follow the reasoning of *Walz* and reverse. At a minimum, *Walz* confirms that the LUPE Intervenors raised a "colorable" argument that the Texas Dream Act is not preempted and, accordingly, that the district court erred in denying intervention as futile without providing an opportunity for full adversarial briefing. *See* LUPE Reply 8.

   In reaching an alternative, independent ground for its holding, *Walz* also distinguished Minnesota's law from Texas's, which it described as explicitly tying eligibility for in-state tuition to "residency." *See* 2026 WL 851231, at *9. But the *Walz* court had no reason to consider

whether the Texas Dream Act considers "residence" as that term is used in federal, rather than Texas, law. *See* LUPE Br. 40-41 (explaining that Texas uses a broader definition of "residence" than federal law). *Walz*'s discussion of the operation of Minnesota law also supports LUPE Intervenors' argument that the correct remedy for any constitutional defect here would be severance, as the Texas Dream Act would function sensibly if it were severed, resulting in a statute that more closely resembles the Minnesota statute upheld in *Walz*. *See* LUPE Br. 47-48; LUPE Reply 25-27.

Sincerely,

*/s/ Joshua M. Salzman*
Joshua M. Salzman
*Counsel for LUPE Intervenors*

cc (via CM/ECF): Counsel of Record
Word count: 331