

**U.S. Department of Justice**

Civil Division, Appellate Staff

950 Pennsylvania Ave. NW

       Washington, DC 20530

---

       Tel: (202) 353-3511

April 9, 2026

Lyle W. Cayce, Clerk of Court

United States Court of Appeals of the Fifth Circuit

600 S. Maestri Place

New Orleans, LA 70130-3408

Via CM/ECF

      RE:   *USA v. State of Texas,* Case No. 25-10898 (5th Cir.)

Dear Mr. Cayce:

I write in response to LUPE's letter concerning *United States v. Minnesota*, 2026 WL 851231 (D. Minn. Mar. 27, 2026). That case adds nothing to LUPE's arguments.

The court in *Minnesota* concluded that the statutes at issue there do not provide benefits "on the basis of residence" because they require graduation from a Minnesota high school and attendance at a Minnesota high school for three years, but do not expressly require living in Minnesota. The court expressly distinguished that case from this one, noting that "Texas law explicitly ties eligibility to residency," so its conclusion in this regard is plainly irrelevant here (in addition to being mistaken), as we have previously explained in discussing a similar California case. *See* U.S. Br.24-26.

The *Minnesota* court also mistakenly concluded that Section 1623(a) allows a state to categorically provide in-state tuition to unlawful aliens on the basis of residence so long as *any* citizen or national of the United States who is not a resident of Minnesota would also be eligible. As we have previously explained, this Court has properly recognized that Section 1623(a) "requires that all U.S. citizens be eligible for a benefit, before any alien be able to receive the same benefit (based on residency)," *Young Conservatives of Texas Found. v. Smatresk*, 73 F.4th 304, 312 (5th Cir. 2023), and any alternate reading could

not be reconciled with the statute's text and would drain the statute of virtually all practical effect. U.S. Br.29-30.

LUPE's contention that the *Minnesota* decision establishes that its argument is "colorable" is irrelevant even if correct. A motion for intervention can be denied as legally futile if the proposed defenses fail as a matter of law, even if contrary legal arguments are non-frivolous or non-sanctionable. U.S. Br.47-48. And any error in denying intervention on this basis would not be grounds for vacating the judgment itself. U.S. Br. 49. Finally, as we previously explained, it would be entirely inappropriate to provide in-state tuition benefits to individuals that the Texas legislature intended to pay out-of-state rates by severing the Dream Act's explicit residence requirement. U.S. Br.26.

Sincerely,

*/s/ Andrew M. Bernie*
Andrew M. Bernie

cc:    All counsel (via CM/ECF)
Word count: 347