**DEMOCRACY
FORWARD▶**

May 26, 2026

Lyle W. Cayce, Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
Office of the Clerk
600 S. Maestri Place
New Orleans, LA 70130-3408

Via CM/ECF

      Re:   *United States v. Texas*, No. 25-10898

Dear Mr. Cayce:

      We write pursuant to Federal Rule of Appellate Procedure 28(j) to notify the Court of a recent filing by the United States that conflicts with the position that it has taken before this Court. In *United States v. State of Nebraska*, No. 8:26-cv-00172 (D. Neb.), a case that parallels this one in many respects, the United States has sued Nebraska alleging that its tuition laws violate 8 U.S.C. § 1623. Nebraska joined in a motion for a consent judgment that would invalidate its own laws, and private parties sought to intervene to defend the challenged statutes. In opposing intervention, the United States and Nebraska filed a joint brief (Doc. 41) in which they argued that the putative intervenors could not establish standing to defend Nebraska's laws because the intervenors "challenge[] the government's [allegedly] unlawful regulation … of *someone else*— namely, the State of Nebraska." *Id.* at 4-5 (attached) (alteration in original; quotation marks omitted). In other words, the United States has taken the position that Section 1623 directly regulates States themselves.

      This characterization of Section 1623 conflicts with the United States' insistence in this Court (U.S. Br. 35-37) that the statute merely preempts a benefit that state law would otherwise make available to private parties. It also confirms that the United States' expansive

interpretation of Section 1623 renders it inconsistent with the Supreme Court's admonition that "every form of preemption is based on a federal law that regulates the conduct of private actors, not the States." *Murphy v. NCAA*, 584 U.S. 453, 479 (2018); *see also* LUPE Interv. Reply 24-25. For the reasons explained in LUPE Intervenors' briefing, the grave constitutional concerns that the United States' reading would create can and should be avoided by construing Section 1623 more modestly so as not to conflict with the Texas Dream Act.

Respectfully submitted,

*/s/ Joshua M. Salzman*
Joshua M. Salzman

*Counsel for LUPE Intervenors*

Word count: 300

cc: counsel of record (via CM/ECF)